# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-799V
UNPUBLISHED

|  |  |
|---|---|
| PATRICK JOHN COLEMAN,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Douglas L. Burdette*, North Bend, WA, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On July 1, 2020, Patrick John Coleman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 11, 2019. Petition at 1.

The case was assigned to the Special Processing Unit of the Office of Special Masters, based on the initial presumption that it presented issues that were likely to be resolved expeditiously. A status conference was held on October 26, 2020, after which I issued a scheduling order for Petitioner to file a status report concerning a potential workers' compensation claim related to a fall on a bus, and for Respondent to complete his informal assessment of the case. (ECF No. 13).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 18, 2021, Respondent filed his Rule 4(c) Report contesting entitlement. Specifically, Respondent argued that the medical records do not establish that Petitioner suffered the first symptoms of a shoulder injury within 48 hours of his vaccination, and that there may have been a history of pain, inflammation, or dysfunction in Petitioner's shoulder that could stand as an alternative cause of his symptoms, and that his symptoms did not persist for more than six months. Report at 6-10. Accordingly, I ordered Petitioner to file additional evidence supporting onset, the history of his shoulder pain, and any evidence establishing severity. Scheduling Order, issued December 29, 2022, at 1-2. (ECF No. 26).

Petitioner never acted as ordered by that scheduling order. Instead, on April 3, 2023, Petitioner filed a Status Report stating that his counsel intended to file a motion to withdraw as attorney in this matter. (ECF No. 27). Petitioner's counsel then filed the aforementioned Motion to Withdraw on January 21, 2024. (ECF No. 28). Attached to Petitioner's motion was a copy of correspondence sent via certified mail by counsel to Petitioner, indicating that on November 18, 2021, counsel had informed Petitioner he would be unable to continue representing him, and that he had wrote him again on April 14, 2022.

After a long period of inactivity, an order to show cause was issued on October 25, 2024. (ECF No. 30). Petitioner was ordered to show cause by November 25, 2024, why this case should not be dismissed for insufficient proof. Petitioner filed his Response on November 25, 2024, but this filing did not touch on the merits of Petitioner's SIRVA claim. (ECF No. 31). Rather, the Response simply brings to the Court's attention his outstanding Motion to Withdraw as Attorney of Record, and requests that I grant it. Response at 1.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any

claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the October 2024 Order to Show Cause that his claim risked dismissal if further substantiation was not provided. Petitioner, however, did not make the required filing, and instead simply reiterated his counsel's wish to be withdrawn from representation in this case. It can be inferred from Petitioner's filings that Petitioner, for whatever reason, had become unresponsive to his counsel's communications, thus necessitating his withdrawal. Had Petitioner truly been interested in continuing his case after receiving Respondent's negative feedback of his claim and counsel's notice of withdrawal, he would have obtained new counsel, and he has been afforded ample time to do so. Therefore, dismissal of the petition on grounds of failure to prosecute are justified in this case.

## Conclusion

To date, and despite ample opportunity, Petitioner has failed respond to the Order to Show Cause issued on October 25, 2024. Accordingly, this case is DISMISSED for failure to prosecute. The Clerk of Court shall enter judgment accordingly. [3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.